**CI WEI ZHENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–3276–ag.**

United States Court of Appeals, Second Circuit.

Nov. 17, 2006.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Yuming Wang, Wynnewood, Pennsylvania, for Petitioner.

Dunn Lampton, United States Attorney for the Southern District of Mississippi, Alfred B. Jernigan, Jr., Assistant United States Attorney, Jackson, Mississippi, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner, Ci Wei Zheng, a native and citizen of the People's Republic of China, seeks review of a May 27, 2004 order of the BIA affirming the May 5, 2003 decision of Immigration Judge ("IJ") Robert Weisel denying his application for relief under the Convention Against Torture ("CAT"). *In re Ci Wei Zheng*, No. A77 977 573 (B.I.A. May 27, 2004), *aff'g* No. A77 977 573 (Immig. Ct. N.Y. City May 5, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). We review questions of law and the application of law to fact *de novo*. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

██ Substantial evidence supports the IJ's determination that Zheng failed to demonstrate that someone in his circumstances—i.e., an individual who left China illegally, with the assistance of snakeheads—was more likely than not to be tortured. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir. 2005); *Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 143–44 (2d Cir.2003). The IJ acknowledged the background evidence, indicating that some individuals who left China illegally are imprisoned, and that human rights violations including torture are known to occur in Chinese prisons, but correctly determined that such evidence was insufficient to establish a clear probability of torture for someone in Zheng's "particular alleged circumstances." *See Mu–Xing Wang*, 320 F.3d at 143–44. His anecdotal evidence that someone in his village had been arrested upon return and beaten in prison was also insufficient to meet this burden, when he failed to provide evidence suggesting any particular similarities in their circumstances. *See Mu Xiang Lin*, 432 F.3d at 160. The background evidence indicated that the most severe punishment someone who de-

parted illegally was likely to receive was one year's imprisonment, and the IJ correctly determined that such punishment, standing alone, did not constitute torture. *See id.*

■ Finally, to the extent that Zheng argues in his brief to this Court that he has a well-founded fear of persecution and is therefore eligible for asylum, we lack jurisdiction to consider this claim because he failed to exhaust it before either the IJ or BIA. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005); *Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.